### Fisher v. Ohio University
*[Cite as 8 AOA 495]*

*Case No. 90AP-573*
*Franklin County, (10th)*
*Decided December 20, 1990*

Ronald R. Gilbert; Arthur M. Elk, Elk & Elk Co., L.P.A., for Appellant.

Anthony J. Celebrezze, Jr., Attorney General, and David C. Calderhead, for Appellee.

WHITESIDE, J.

Plaintiff, Brian Fisher, appeals from the summary judgment in favor of defendant, State of Ohio acting through the Ohio University, and raises the following two assignments of error:

"I. The trial court erred in disallowing plaintiff-appellant, Brian Fisher to toll the statute of limitations during the period of his disability according to Ohio Revised Code Section 2305.16 since an adjudication of incompetency is not necessary.

"II. The trial court erred in granting defendant's motion for summary judgment since plaintiff-appellant, Brian Fisher was entitled to have a trial on the issue of material fact, i.e. incompetency for purposes of tolling the statute of limitations."

On May 17, 1987, plaintiff, Brian Fisher, was injured in a diving accident while he attended a party at the Ohio University. Plaintiff was hospitalized for a period of time following the accident and remains paralyzed, confined to a wheelchair for the remainder of his life.

Plaintiff brought this action for negligence against the state on June 6, 1989, two years and twenty days after his cause of action accrued. The state moved for summary judgment arguing that appellant's claim was barred by the limitations period provided in R.C. 2743.16. Plaintiff countered that he fell within the tolling provision of R.C. 2305.16 because he was of unsound mind during the period in which he was confined to the hospital.[1] The Court of Claims granted the state's motion and denied plaintiff's on April 20, 1990. This present appeal was timely filed on May 16, 1990.

Plaintiff's two assignments of error are interrelated and will be discussed together. Plaintiff maintains that summary judgment was improperly granted in favor of the state, because even though the claim was brought two years after his cause of action accrued (May 17, 1987), the tolling provision in R.C. 2305.16 preserved his cause of action.

The Court of Claims determined that R.C. 2743.16 barred the action since plaintiff failed to bring his claim two years from the time his cause of action accrued. R.C. 2743.16 provides that a civil action brought by an individual against the state of Ohio, "*** shall be commenced no later than two years after the date of accrual of the cause of action ***." However, R.C. 2305.16 tolls the two-year limitations period under the following circumstances:

"Unless otherwise specially provided in sections 2305.04 to 2305.14, inclusive, and sections 1302.98 and 1304.29 of the Revised Code, if a person entitled to bring any action mentioned in such sections, unless for penalty or forfeiture, is, at the time the cause of action accrues, within the age of minority, of unsound mind, or imprisoned, such person may bring it within the respective times limited by such sections, after such disability is removed. ***

"After the cause of action accrues, if the person entitled to bring such action becomes

of unsound mind and is adjudicated as such by a court of competent jurisdiction or is confined in an institution or hospital under a diagnosed condition or disease which renders him of unsound mind, the time during which he is of unsound mind and so adjudicated or so confined shall not be computed as any part of the period within which the action must be brought."

The definition of "unsound mind" is provided in R.C. 1.02(C), which states that "*** unsound mind includes all forms of mental retardation or derangement." In addition, the Ohio Supreme Court has defined "unsound mind" in *Lowe v. Union Trust Co.* (1931), 124 Ohio St. 302, at 304:

"'Where a plaintiff claims to have been of unsound mind at the time a cause of action accrues, so as to suspend the statute of limitations, which claim is denied by the defendant, plaintiff has the burden of proving that he was suffering from some species of mental deficiency or derangement, so as to be unable to look into his affairs, properly consult with counsel, prepare and present his case and assert and protect his rights in a court of justice ***.'" Citing *Bowman v. Lemon* (1926), 115 Ohio St. 326, paragraph three of the syllabus.

Plaintiff maintains that whether he was of unsound mind during his hospitalization is a question of fact, and that summary judgment was improper. Defendant, on the other hand, argues that summary judgment was mandated by statute because plaintiff had been neither adjudicated nor diagnosed as being of unsound mind.

R.C. 2305.16 tolls the statute of limitations for a person who becomes of unsound mind after the cause of action accrues under two circumstances. First, if a person entitled to bring an action was of unsound mind and adjudicated as such by a court of competent jurisdiction, the limitations period is tolled during the time such person was of unsound mind and so adjudicated. Second, if a person entitled to bring a cause of action was of unsound mind and confined in an institution or hospital under a diagnosed condition or disease which rendered the person of unsound mind, the limitations period is tolled during the time he was of unsound mind and so confined. It is not necessary that such diagnosis be that defendant was of unsound mind. Rather, the diagnosis must be of a condition

or disease which, in fact, rendered defendant of unsound mind.

As under the first paragraph of R.C. 2305.16, the question of competency may be proved later even in the absence of a diagnosis at the time. This conclusion necessarily follows from the language of the provision. The statute could easily have been written to read that the hospital confinement be under a diagnosis of unsound mind. Rather, the legislature chose to prove that the diagnosis be only of a condition or disease which renders the patient of unsound mind. On the other hand, the statute does require that if the disability be predicated upon an adjudication of unsound mind, such adjudication must be by a "court of competent jurisdiction," which connotes not the trial court, but a court with jurisdiction to determine incompetency which necessarily requires an adjudication in an action separate from that in which the statute of limitations is sought to be tolled.

Plaintiff concedes in paragraph ten of his complaint that he was not rendered incompetent at the time of his injury. Thus, only the second paragraph of R.C. 2305.16 is applicable. Plaintiff may have satisfied the statute if, during the time he was confined in the hospital, he was diagnosed with a condition which rendered him of unsound mind. In the Court of Claims journal entry granting the state's summary judgment, after citing R.C. 2305.16, the court did not address this controlling issue, instead, stating the following:

"Consequently, plaintiff must be adjudicated of unsound mind by a court of competent jurisdiction before the statute of limitations will be tolled.

"Plaintiff, by his own answers to interrogatories, has stated that he has never been determined to be of unsound mind or mentally impaired by a court of law. Therefore, plaintiff has not satisfied the requirements for the application of R.C. 2305.16. ***"

With respect to the effect of the diagnosis evaluation, no prior adjudication is necessary. The trial court should determine the issue upon proper evidence. See Annotation, Proof of Unadjudged Incompetency which Prevents Running of Statute of Limitations (1950), 9 A.L.R. 2d 964; and *Bowman, supra,* at 332. Had the drafters intended that a person must have been previously adjudicated or diagnosed as being of unsound mind before bringing a claim, they could have so provided.

Even though the Court of Claims' reason for granting defendant's motion for summary judgment was incorrect, the result may have been proper. Upon review, this court must consider the standard for granting summary judgment by the trial court in order to decide whether the Court of Claims' ruling was proper. The Ohio Supreme Court held in *Temple v. Wean United, Inc.* (1977), 50 Ohio St. 2d 317, 327, that the grant or denial of a motion for summary judgment, pursuant to Civ. R. 56, the following standard must be applied:

"Civ. R. 56(C) specifically provides that before summary judgment may be granted, it must be determined that: (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party."

The Ohio Supreme Court in *Morris v. Ohio Cas. Ins. Co.* (1988), 35 Ohio St. 3d 45, discussed the burden of production in summary judgment motions. In that case, the appellees contended that appellant failed to oppose their summary judgment motion with sufficient evidence to satisfy the requirements of Civ. R. 56(E), which provides in part that:

"*** When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

The Supreme Court reasoned that while it might appear that Civ. R. 56(E) requires the nonmoving party to respond to an adverse motion for summary judgment, a complete failure to respond is not necessarily fatal to the nonmoving party, because summary judgment is improper unless reasonable minds can come to only one conclusion and that conclusion is adverse to the nonmoving party. *Morris, supra,* at 47.

As previously stated, after the state moved for summary judgment based on the statute of limitations, plaintiff responded that the statute of limitations was tolled for the period he was of unsound mind while confined in the hospital. The state then argued that plaintiff's own answers to the state's interrogatories established that there was no genuine issue of material fact with respect to plaintiff's mental condition at the time he was confined to the hospital. Plaintiff offered no additional evidence to counter the state's argument. Rather, plaintiff rested upon the allegation in his complaint, which stated that as a result of his injury, he was rendered of "unsound mind" to the extent he was mentally impaired and unable to understand his legal rights and to take any action.

As explained by the Ohio Supreme Court in *Morris, supra,* notwithstanding plaintiff's lack of response to the state's motion for summary judgment, the state is not entitled to summary judgment unless reasonable minds could conclude from the evidence only that plaintiff was of *sound* mind during the time in which he was confined to the hospital. Even though the burden of proving he was of unsound mind is upon plaintiff, the state must meet its burden by showing that no genuine issue of material fact existed with respect to plaintiff's mental condition. Plaintiff's answers to interrogatories submitted by the state did not meet this burden.

When asked in interrogatory number thirty-four to set forth the dates on which he was of "unsound mind," plaintiff responded:

"I am not certain what 'unsound mind' means. I was able to communicate with my doctors and cooperate with them at the hospital as reflected in my records."

However, in response to interrogatory number thirty-seven in which the state requested plaintiff to state each and every mental deficiency or derangement from which he suffered, plaintiff wrote:

"Due to the amount of emotional distress and distress and medications I was required to take, I was not able to clearly understand my legal rights for some time."

In viewing these answers most strongly in favor of plaintiff, whether plaintiff was of unsound mind remains a genuine issue of material fact. While the answer to interrogatory number thirty-four indicates that plaintiff may have been of sound mind, the answer to interrogatory number thirty-seven indicates he was not. These answers are merely

equivocal and do not satisfy the state's burden as the moving party. Consequently, summary judgment was improperly granted.

Accordingly, plaintiff's two assignments of error are well-taken.

For the foregoing reasons, plaintiff's two assignments of error are sustained, the judgment of the Court of Claims is reversed, and this cause is remanded for further proceedings in accordance with law consistent with this opinion.

*Judgment reversed and*
*cause remanded.*

McCORMAC and BRYANT, J.J., concur.

---

[1] Even though plaintiff made a cross-motion for summary judgment, his memorandum in support merely defended against the state's motion for summary judgment. Consequently, plaintiff's cross-motion was essentially a memorandum opposing defendant's motion for summary judgment.